Mr. Charles Wooten, Jr. Chairman, Manatee County Housing Authority
QUESTION:
Under what circumstances may a county housing authority procure liability insurance coverage for itself, its officers, employees, and agents?
SUMMARY:
A county housing authority is empowered to purchase liability insurance to cover potential tort liability for itself and for its officers, employees and agents in connection with its authorized functions and operations. A county housing authority is not empowered to purchase individual or personal liability insurance for its members, nor is the governing body of a county compelled by law to furnish liability insurance coverage to a county housing authority.
You state in your letter that the members of the Manatee County Housing Authority Board of Commissioners feel that liability insurance should be furnished to them individually and at no cost by the Manatee County Board of County Commissioners. You also state that the Manatee County Board of County Commissioners has rejected your proposal to be included under its liability insurance coverage. You question whether the Board of County Commissioners is correct in its refusal to provide the housing authority with insurance coverage as well as under what circumstances or by what method the authority may procure liability insurance coverage.
Initially I must state that this office cannot pass upon a county's responsibilities, authority, discretion or liabilities at the request of a county housing authority or other third person. Therefore, the validity or effect of the county's decision to reject your request for liability insurance coverage will not be discussed here.
Section 421.27(1), F.S., establishes `[i]n each county of the state . . . a public body corporate and politic to be known as the `housing authority' of the county . . .' which serves specific purposes and is subject to certain qualifications.
Section 768.28, F.S., as amended, is a general waiver of sovereign immunity for tort liability of the state or any of its agencies or subdivisions. Subsection (2) of s. 768.28 defines `state agencies or subdivisions' in part as `corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.' Given the definition of `housing authority' in s.421.27, F.S., and the general purposes thereof, a county housing authority is included within `state agencies or subdivisions' as used in s. 768.28(2) and is therefore subject to the waiver of sovereign immunity of s. 768.28, F.S., as amended to the extent specified therein. See AGO 078-33 (concluding that a municipal housing authority is included within the definitional scope of s.768.28, F.S., as amended. The rationale used therein is applicable in this instance.) Cf. AGO's 078-127 and 081-57.
The remedy for the general tortious conduct of a county housing authority is governed by s. 768.28(9)(a), F.S., as amended by ch. 81-317, Laws of Florida, which states in part that:
 The exclusive remedy for injury or damages suffered as a result of any act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious and willful disregard of human rights, safety, or property.
Any tort action brought against a county housing authority or its members is brought against them in their official capacity: such a tort action would have no impact on a county government, which is separate from a county housing authority.
Section 768.28(13), F.S., in part provides:
 The state and its agencies and subdivisions are authorized to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section.
Additionally, s. 768.28(10) provides:
 Laws allowing the state or its agencies or subdivisions to buy insurance are still in force and effect and are not restricted in any way by the terms of this act.
A county housing authority is authorized, therefore, to purchase liability insurance for prospective housing authority tort liability by s. 768.28, and by s. 286.28(1), F.S. Section 421.08, F.S., also provides that a county housing authority has the power to insure.
It is clear from a reading of ss. 768.28(10) and 768.28(13), F.S., and s. 286.28(1), F.S., that a county housing authority is authorized to purchase insurance to cover potential tort liability for itself and its officers, employees, and agents in connection with its authorized functions and operations. Thus, it would not be necessary for the members of a county housing authority to purchase individual or personal liability insurance in anticipation of being sued in tort, since s. 768.28(1), F.S., as amended, authorizes actions in tort against the housing authority for the negligent actions taken by its officers within the scope of their official functions and duties. Cf. AGO 078-145. There is no statute which authorizes the members of a county housing authority to purchase liability insurance for its members against individual or personal liability; therefore, the county housing authority is not authorized to do so. Likewise, I am unaware of any statute which would force the governing body of a county to furnish liability insurance coverage to a corporate entity such as a county housing authority or to the individual members of such an entity.
Prepared by: William D. Hall, Jr., Assistant Attorney Genera